IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE L. VAN EVERY, Individually,** : <br> **and as the Personal Representative** : <br> **of the Estate of David E. Van Every,** : <br> : <br> : <br> **Plaintiff** : <br> : <br>   v. : <br> : <br> **JOHN DOE, FFE TRANSPORTATION** : <br> **SERVICES, INC., FROZEN FOOD** : <br> **EXPRESS INDUSTRIES, INC., KLLM** : <br> **TRANSPORT SERVICES, LLC t/d/b/a** : <br> **FROZEN FOOD EXPRESS,** : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:15-CV-2181** <br> <br> **(Chief Judge Conner)** |

## **ORDER**

AND NOW, this 8th day of February, 2016, upon consideration of the motion (Doc. 8) to remand the above-captioned matter to the Court of Common Pleas for Cumberland County, Pennsylvania, filed by plaintiff Leslie L. Van Every ("Van Every"), and of the supporting and opposing briefs (Docs. 17, 21, 22, 24) submitted in connection therewith by Van Every and defendant FFE Transportation Services, Inc. ("FFE"), and the court observing that a defendant in a state court action may remove a case to federal court if the action could have been commenced in federal court, see 28 U.S.C. § 1441(a), and that a district court possesses diversity jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and is between citizens of different states, see 28 U.S.C. § 1332(a)(1), and also that defendant's right to remove is determined "according to the plaintiff['s] pleading at the time of the petition for removal," Abels v. State Farm Fire & Cas.

Co., 770 F.2d 26, 29 (3d Cir. 1985); see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013), and noting that Van Every argues that the John Doe ("Doe") defendant named in her complaint precludes federal diversity jurisdiction, and the court observing that a Doe defendant destroys diversity when (1) plaintiff's allegations establish that the Doe defendant is not a "sham" named out of " 'superstition' rather than any actual hope of obtaining a judgment," and (2) plaintiff did not fraudulently join the Doe defendant but has a colorable ground for the claim against him, and intends to pursue this claim, Abels, 770 F.2d at 29-30, 32 (citing Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939)); see also Frisof v. Swift Transp. Co., Inc., No. 3:07-CV-2331, 2008 WL 2550767, at *1-2 (M.D. Pa. June 23, 2008), and the court noting that the parties do not dispute that Van Every meets the two aforementioned criteria,[1] and thus concluding that it lacks subject matter jurisdiction in the instant action and that in light of this conclusion the court need

---

[1] FFE urges the court to dismiss the Doe defendant as a non-diverse, dispensable party pursuant to Rule 21 of the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 21 (stating that "the court may at any time, on just terms, add or drop a party").  However, the court's consideration of the propriety of removal ends when the plaintiff satisfies the two-part test summarized herein.  See Abels, 770 F.2d at 29, 32 n.8 (declining to assess whether a Doe defendant was indispensable when analyzing the propriety of removal in the first instance).

not consider Van Every's additional arguments in favor of remand, it is hereby

ORDERED that:

1. Plaintiff's motion (Doc. 8) to remand the above-captioned matter to the Court of Common Pleas for Cumberland County, Pennsylvania, is GRANTED.

2. This matter shall be REMANDED to the Court of Common Pleas for Cumberland County, Pennsylvania.

3. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania